# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA** |
| **v.** |
| **JEFFREY FORTENBERRY,** |
| *Defendant.* |

**Criminal No. 1:24-cr-221 (TNM)**

**DECLARATION OF KRISTEN A. DEWILDE IN SUPPORT OF CONGRESSMAN FORTENBERRY'S MOTION TO OBTAIN DISCOVERY ON SELECTIVE PROSECUTION AND SELECTIVE ENFORCEMENT**

I, Kristen DeWilde, declare as follows:

1.  I am an associate at Williams & Connolly LLP, and I represent the defendant, Congressman Fortenberry, in the above-captioned action. I am over eighteen years of age and am competent to testify to the matters set forth in this declaration. I make the following statements based on my personal knowledge.

2.  I have spent over 50 hours researching whether any of the following scenarios have occurred in the last ten years in the federal courts: (1) a criminal defendant was sentenced to a probationary sentence, served the majority of the probationary sentence, and faced retrial on reversal and remand; (2) a criminal defendant served the majority of his sentence and faced retrial on remand following a reversal on venue grounds; or (3) a criminal defendant was charged solely with violating 18 U.S.C. § 1001, received a reversal on appeal, and faced retrial on remand. After completing my research, I am aware of no case that meets any of these criteria.

3.  To conduct my research, I performed multiple searches on Westlaw and LexisNexis of federal appellate cases dated 1/1/2014 or after. I reviewed any case that involved a reversal of a

criminal conviction.[1]  For any case that was reversed on a ground subject to potential retrial, I reviewed the case facts and, if necessary, consulted the criminal district docket report to determine whether the case fit one of the three scenarios listed above.  The searches entailed the following:

a.    I conducted an initial Westlaw search for cases that hit on the following: "revers! w/5 convict!".   The search captured nearly 500 results that I reviewed.

b.    I conducted a subsequent LexisNexis search for federal appellate cases that hit on the following: (criminal OR convict! OR guilty) AND ("we reverse" OR "Reversed") AND (remand! OR retrial OR retry OR new trial) AND (probation! OR venue OR "false statement" OR "false statements") AND "United States" AND "trial".  The search captured around 1800 results.  After reviewing the first 400 most relevant results, I performed and reviewed the following, narrowed within-search searches: (1) "Sentence! w/5 probation!"; and (2) "Sixth w/75 venue."    I also shepardized 18 U.S.C. § 1001 and reviewed cases hitting on: "reversed OR we reverse".

c.    I conducted a final Westlaw search for the following hits and reviewed the 774 results:  ("we reverse" OR "reversed") AND ("new trial" OR "remand" OR "proceedings consistent" OR "retry" OR "retrial") AND "united states" AND (convict! OR sentenced) AND ((sentenced w/5 probation!) OR venue OR ("1001" AND false statements)).

4.  As part of my above review, I did find a total of four cases in which the defendant, facing similar circumstances of retrial to the Congressman here, was not retried.  None of the defendants appeared to have a political profile comparable to the Congressman.  The cases include:

a.  *United States v. Casellas-Toro*.  On August 11, 2014, the United States District Court for the District of Puerto Rico sentenced Pablo Casellas-Toro to twenty-one months

---

[1] I did not review cases habeas or immigration cases throughout.

imprisonment on a count of false statements, 18 U.S.C. § 1001, to be served concurrently with a local state charge. 13-cr-00201, ECF No. 155 (D.P.R. Aug. 11, 2014). Casellas-Toro appealed. *Id.*, ECF No. 156 (D.P.R. Aug. 20, 2014). Fifteen months later, more than halfway through the Casellas-Toro's sentence, the First Circuit reversed the false statements charge on venue grounds. 807 F.3d 380, 390, 392 (1st Cir. 2015). The United States moved to dismiss the case on remand, *id.*, ECF No. 172 (D.P.R. Jan. 29, 2016), and undersigned counsel has been unable to find evidence that the government retried Casellas-Toro in another venue, including after performing a nationwide party search on PACER, and a docket search of the District of Massachusetts where Casellas-Toro requested transfer. *See id.*, ECF No. 60 (D.P.R. Mar. 1, 2014).

b. *United States v. Abair.* On June 27, 2013, the United States District Court for the Northern District of Indiana sentenced Yulia Yurevna Abair to two years supervised probation for structuring currency transactions to avoid reporting requirements. No. 12-cr-00076, ECF No. 84 (N.D. Ind. June 27, 2013). Less than on year into her sentence, the Seventh Circuit reversed based on a prejudicial evidentiary ruling. 746 F.3d 260, 261-63 (7th Cir. 2014). On remand, the government moved for dismissal and indicated it did not intend to retry the case. No. 12-cr-00076, ECF Nos. 110-12 (N.D. Ind. May 9, 2014).

c. *United States v. Rahman.* On March 12, 2013, the United States District Court for the Eastern District of Wisconsin sentenced Feras Rahman to 30 months' imprisonment for false statements, 18 U.S.C. § 1001. No. 11-cr-00103, ECF No. 113 (E.D. Wis. Mar. 12, 2013). Almost three years later, the Seventh Circuit reversed on a suppression issue and remanded. 805 F.3d 822, 830, 839 (7th Cir. 2015). On remand, the government dismissed the indictment. No. 11-cr-00103, ECF No. 132 (E.D. Wis. Feb. 6, 2016).

d. *United States v. Shelton*.  On November 20, 2019, the United States District Court for the Northern District of Indiana sentenced Ethel Shelton to 12 months' probation for wire fraud.  No. 14-cr-129, ECF No. 301 (N.D. Ind. Nov. 20, 2019).  Over a year later on June 8, 2021, the Seventh Circuit reversed on a suppression issue and remanded.  997 F.3d 749, 773 (7th Cir. 2021).  On remand, the government moved to dismiss.  No. 14-cr-129, ECF No. 339 (N.D. Ind. June 15, 2021).

5.  As counsel in this matter, I have also received and reviewed discovery produced to the defense in the above-captioned action.  The government has provided a detailed discovery log showing all documents produced to the defense, including any associated FBI serial numbers.  Ex. 15 (Gov. Discovery Log).  After reviewing the log, it is clear that numerous FBI serial entries are missing.  For example, at FBI serial log entry number 388, the FBI made a request to interview Congressman Fortenberry in March 2019.  Approval is received at FBI serial log entry number 401 but FBI document entries numbers 389, 397, and 398 are missing.  Ex. 15.  Defense counsel has requested a log of all missing FBI serial log entries.  Ex. 16 ¶ 3 (Aug. 30, 2024 Def. Discovery Letter).  The government has not agreed to provide the additional log entries to date.  *See* Ex. 17 (Gov't Sept. 19, 2024 Response to Def. Discovery Letter).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 29, 2024, in Washington, DC.

/s/ *Kristen A. DeWilde*
Kristen A. DeWilde (D.C. Bar No. 90012738; *pro hac vice*)

Williams & Connolly LLP
680 Maine Ave SW
Washington, DC 20024
Tel: (202) 434-5000
F: (202) 434-5029
kdewilde@wc.com

*Counsel for Jeffrey Fortenberry*