UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JEFFREY FORTENBERRY,**<br><br>*Defendant.* | Criminal No. 1:24-cr-221 (TNM)<br><br>Oral Argument Requested |

# CONGRESSMAN FORTENBERRY'S MOTION TO DISQUALIFY

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

    I.     SAUSA Jenkins Is a Material Witness. ............................................................................ 2

    II.    SAUSA Jenkins Should Be Disqualified Under the Advocate-Witness Rule. .................... 3

    III.   SAUSA Jenkins Should Be Disqualified to Avoid Prosecutorial Vouching. ..................... 5

CONCLUSION .................................................................................................................................... 7

# TABLE OF AUTHORITIES

## CASES

*United States v. Brown*, 508 F.3d 1066 (D.C. Cir. 2007) ............................................................5, 6

*\*United States v. Edwards*, 154 F.3d 915 (9th Cir. 1998) ......................................................1, 4, 6, 7

*\*United States v. Hermanek*, 289 F.3d 1076 (9th Cir. 2002) ........................................................5, 7

*United States v. Locasio*, 6 F.3d 924 (2d Cir. 1993) ..........................................................................6

*\*United States v. Prantil*, 764 F.2d 548 (9th Cir. 1985) ........................................................1, 4, 6, 7

*United States v. Young*, 470 U.S. 1 (1985) ........................................................................................5

## OTHER AUTHORITIES

U.S. Const. amend. V..........................................................................................................................1

U.S. Const. amend VI .........................................................................................................................1

D.C. Rule of Professional Conduct 3.7...............................................................................................4

Congressman Fortenberry, through undersigned counsel, respectfully moves to disqualify Special Assistant United States Attorney ("SAUSA") Mack Jenkins because he is a material fact witness, and to avoid improper vouching, which is inevitable, given his role as the lead questioner in the interview in which the allegedly false statements were made. Congressman Fortenberry respectfully requests oral argument on this motion under Local Criminal Rule 47(f).

## INTRODUCTION

The Due Process Clause of the Fifth Amendment, together with the Confrontation and Compulsory Process Clauses of the Sixth Amendment, require that a defendant has the right to call and confront witnesses, and that a trial is adjudicated based on the evidence presented, and not on the integrity or credibility of the advocates. *See, e.g.*, *United States v. Prantil*, 764 F.2d 548, 550-56 (9th Cir. 1985).

These principles are incorporated into the advocate-witness rule and the prohibition on vouching, which limit the participation of an attorney who is also a percipient witness to the events underlying the charged conduct. And these prohibitions are particularly important when applied to government prosecutors in a criminal case, where there is a "special obligation to avoid improper suggestions, insinuations, and especially assertions of personal knowledge." *United States v. Edwards*, 154 F.3d 915, 922 (9th Cir. 1998) (cleaned up). In light of his special obligations, SAUSA Jenkins should not serve as an advocate for the government in this action. SAUSA Jenkins is a material witness to nearly all of the events described in the Indictment, and was directly responsible for eliciting from Congressman Fortenberry purportedly false statements at issue in the Indictment. His appearance at and participation in the trial will result in impermissible vouching, as confirmed by the events of Congressman Fortenberry's prior trial in the Central

District of California action.  The Court should thus disqualify SAUSA Jenkins as counsel for the government in this action.[1]

## ARGUMENT

**I.      SAUSA Jenkins Is a Material Witness.**

This case arises out of a federal criminal investigation into political contributions made by a foreign national (using others as conduits) to the campaigns of various candidates for federal elected office in the United States.  *See* Indict. ¶ 1.  At all relevant times, SAUSA Jenkins was the lead prosecutor responsible for directing that investigation on behalf of the United States Attorney's Office for the Central District of California.  And it appears that SAUSA Jenkins will remain an active member of the trial team in this separate action being prosecuted by the United States Attorney's Office for the District of Columbia (notwithstanding his continuing obligations as Chief of the Criminal Division in the Central District of California).

SAUSA Jenkins participated in the investigative events identified in the Indictment.  He concurred in the decisions to (i) engage an informant (referred to as "Individual H" in the Indictment) as a confidential human source; (ii) utilize that informant to secretly record conversations with Congressman Fortenberry (who did not know about or participate in the underlying campaign finance violations) during which Individual H made allegations regarding potential campaign finance violations; and (iii) authorize agents, under the false guise of a national security inquiry, to interview Congressman Fortenberry at his home in Nebraska, secretly record the interview, and focus the questioning on the underlying allegations that Individual H had made

---

[1]     Congressman Fortenberry filed a similar motion in the prior Central District of California action that was dismissed.  *See* No. 21-cr-491, ECF No. 21 (C.D. Cal. Nov. 9, 2021).  The Court denied the motion.  *Id.* ECF No. 59 (Dec. 29, 2021).  For the same reasons set forth in Congressman Fortenberry's separate motion to dismiss, the decision in California is not law-of-the-case.  *See* ECF No. 24 at 2 n.1.

at the government's direction in the prior recorded phone call.  *E.g.*, Ex. 1 (JF00002331); Ex. 2 (JF00002453); Ex. 3 (JF00002482); *see* Indict. ¶¶ 14-17.  At one point, SAUSA Jenkins even planned to participate in the "ruse" employed by the government investigators to elicit statements from Congressman Fortenberry during the March 23, 2019 visit to his home in Nebraska.  Ex. 3 at 5-6.

SAUSA Jenkins was the lead questioner during Congressman Fortenberry's July 18, 2019 interview with the government in Washington D.C., an interview that occurred after SAUSA Jenkins made various representations to Congressman Fortenberry's attorney, Trey Gowdy, about the nature of the government's interest in the Congressman.  Ex. 4, C.D. Cal. Mar. 23, 2022 Trial Day 6 Tr. 157:9-161:7.

SAUSA Jenkins was a decision-maker regarding the individuals who were actually responsible for the underlying campaign finance violations.  SAUSA Jenkins, for example, signed each of the agreements that the government entered into with the initial targets of its investigation whereby the government declined to pursue charges against these individuals.  Ex. 5 (Baaklini DPA, JF00011294); Ex. 6 (Chagoury DPA, JF00011318); Ex. 7 (Individual H's immunity letter, JF00012771).

Because SAUSA Jenkins was a leader on the government's investigative team, and because he questioned Congressman Fortenberry during the July 18, 2019 interview that forms the basis of both the alleged concealment scheme in Count 1, as well as the alleged false statements in Count 2, he is a quintessential material witness.

**II.     SAUSA Jenkins Should Be Disqualified Under the Advocate-Witness Rule.**

Defense counsel does not know whether it will present a defense case or whether it will call SAUSA Jenkins as a witness in any defense case.  Nevertheless, because SAUSA Jenkins is a material witness and because Congressman Fortenberry must preserve the right to call him,

3

SAUSA Jenkins should be disqualified from participating as an advocate in the trial of this matter. Pursuant to District of Columbia Rules of Professional Conduct:

> A lawyer shall not act as advocate at trial in which the lawyer is likely to be a necessary witness except where (1) The Testimony relates to an uncontested issue; (2) The Testimony relates to the nature and value of legal services rendered in the case; or (3) Disqualification of the lawyer would work substantial hardship to the client.

D.C. Rule 3.7(a). The advocate-witness rule bars a prosecutor, absent extraordinary circumstances, from appearing as both advocate and witness. *United States v. Prantil*, 764 F.2d 548, 551-53 (9th Cir. 1985). This avoids unduly influencing the jury due to the "prestige and prominence of the prosecutor's office," and ensures public confidence in the administration of justice by avoiding any appearance of impropriety on the part of the government. *United States v. Edwards*, 154 F.3d 915, 921 (9th Cir. 1998); *see Prantil*, 764 F.2d at 553.

Congressman Fortenberry must retain the option to call SAUSA Jenkins because there is a "compelling need." *Prantil*, 764 F.2d at 554. As discussed above, SAUSA Jenkins has unique and specific knowledge because he "was a witness to, and indeed a participant in, some aspect of all of the events alleged in the indictment." *Id.* at 551. SAUSA Jenkins is material to at least the following key issues: (i) his questioning of Congressman Fortenberry during the July 18, 2019 interview; (ii) the materiality of Congressman Fortenberry's statements; and/or (iii) the government's conduct of its investigation, including as to interactions with Congressman Fortenberry's former counsel, Mr. Gowdy, where SAUSA Jenkins was the only percipient government witness. SAUSA Jenkins should not be allowed to shield himself from the prospect of testifying by appearing in this District as counsel for the government. In the event that Congressman Fortenberry exercises his right to put on a defense after the close of the government's

4

evidence, he must retain the right and opportunity to call SAUSA Jenkins to testify. And the only way to ensure that occurs is to disqualify SAUSA Jenkins.

Disqualifying SAUSA Jenkins—an out-of-District attorney who has chosen to participate in this action—will not impose a substantial hardship on the government. It should come as no surprise that SAUSA Jenkins is a material witness, the trial in this matter is not set until February 2025, and the government will remain represented by at least two attorneys, one of whom was also trial counsel for the government in the prior Central District of California action. *See* Criminal Docket, No. 1:24-cr-221 (D.D.C.) (identifying AUSA Timothy Visser and SAUSA Susan Har as counsel for the government).[2]

### III.  SAUSA Jenkins Should Be Disqualified to Avoid Prosecutorial Vouching.

It is well established that a prosecutor may not vouch for witnesses, offer his personal opinions, or suggest that there is information, not presented to the jury, that supports the government's case:

> The prosecutor's vouching for the credibility of witnesses and expressing his personal opinion concerning the guilt of the accused pose two dangers: such comments can convey the impression that evidence not presented to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*United States v. Young*, 470 U.S. 1, 17-18 (1985); *see also, e.g.*, *United States v. Brown*, 508 F.3d 1066, 1074-75 (D.C. Cir. 2007) ("It is for the jury, and not the prosecutor, to say which witnesses are telling the truth." (cleaned up)); *United States v. Hermanek*, 289 F.3d 1076, 1099 (9th Cir. 2002) (improper vouching for prosecutor to "use of the words 'we' and 'us' to refer to steps taken

---

[2]  At least one other attorney who was trial counsel for the government in the Central District of California action has participated in this action, but has yet to enter an appearance.

in the investigation"); *Edwards*, 154 F.2d at 922-24 (improper vouching for prosecutor to appear at trial when personally involved in discovery of critical evidence); *Prantil*, 764 F.2d at 555 (improper vouching when jury knew prosecutor had asked defendant questions forming the basis for perjury charges); *United States v. Locasio*, 6 F.3d 924, 933 (2d Cir. 1993) (cautioning against the "unfair advantage" when an attorney can, through argument, "subtly import to the jury his first-hand knowledge of the events without having to swear an oath or be subject to cross examination"). Vouching is "particularly dangerous when it is done by prosecutors" because a prosecutor's opinion "carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence." *Brown*, 508 F.3d at 1075 (quoting *Young*, 470 U.S. at 18-19).

This is not a hypothetical risk. In the prior trial, the government focused extensively on its July 18, 2019 interview of Congressman Fortenberry where SAUSA Jenkins questioned the Congressman for more than two hours, Ex. 8, C.D. Cal. Mar. 22, 2022 Trial Day 5 Tr. 201-56. The government presented lengthy audio recordings from that interview, where SAUSA Jenkins was identified at the outset—by name and by voice—as the individual questioning Congressman Fortenberry. *See* Ex. 8, Trial Day 5 Tr. 201:18-25; Ex. 9, C.D. Cal. Trial Ex. 134T). This is unavoidable—the July 18 interview is central to the case, as was SAUSA Jenkins' role in it.

SAUSA Jenkins thereafter delivered a rebuttal summation in which he injected himself and his own views about the July 18 interview:

> He chose the option to think that ***we didn't have the evidence that we did and that we would just go away***. He thought he would get away with it. ***Give us enough to make it seem like he's helping. Tell us enough things that make it seem like he's trying to be helpful. He didn't realize that we had the full truth. And it's a good thing we did.*** It's a good thing that was recorded so it could be presented to you to decide whether or not the defendant committed the crimes he's charged with.

6

Ex. 10, C.D. Cal. Mar. 24, 2022 Trial Day 7 Tr. 239:15-240:1 (emphasis supplied). This is a paradigmatic example of impermissible vouching. *See Hermanek*, 289 F.3d at 1099. Elsewhere in his rebuttal summation SAUSA Jenkins argued that "every step of the way you saw [Agent Carter's] actions got approved and that the investigation was legitimate." Ex. 10, Trial Day 7 Tr. 227:18-21. In arguing this point, SAUSA Jenkins pointed the jury directly to the internal FBI memorandum documenting that SAUSA Jenkins "concurred" with the FBI's justification. *Id.* at 226:15-227:17 (referring to Ex. 3 at 6). SAUSA Jenkins separately told the jury about the "reason" he had asked Congressman Fortenberry certain questions during the interview, necessarily injecting himself as a fact witness. Ex. 10, Trial Day 7 Tr. 232:4-13 ("[T]he reason he was asked in D.C. if he reached out to Baaklini, because that would suggest that he wanted to find out."); Ex. 11 (Trial Ex. 159T) (identifying SAUSA Jenkins as the individual asking Congressman Fortenberry about outreach to Baaklini).

These examples demonstrate that vouching is unavoidable. Even if SAUSA Jenkins were to choose his words more carefully, the jury would still know that he was the person asking the questions in that critical interview; and the jury would perceive that SAUSA Jenkins believes the Congressman knowingly and willfully made material false statements in that interview.

Because SAUSA Jenkins will necessarily be identified as part of the investigation team, and because he was directly responsible for eliciting the statements at issue, the government cannot possibly avoid the type of impermissible vouching expressly prohibited by the decisions that have considered vouching by a prosecutor who was also a percipient witness. *Hermanek*, 289 F.3d at 1099; *Edwards*, 154 F.2d at 922-24; *Prantil*, 764 F.2d at 555.

## CONCLUSION

For the foregoing reasons, the Court should disqualify SAUSA Jenkins from serving as counsel for the government in this action.

Date: October 29, 2024						Respectfully submitted,

/s/ *Tobin J. Romero*
Tobin J. Romero (Bar. No. 461273)
Jonathan B. Pitt (Bar No. 479765)
Andrew P. Lemens (Bar No. 156487)
Kristen A. DeWilde (Bar No. 90012738, *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel: (202) 434-5000
F: (202) 434-5029
tromero@wc.com
jpitt@wc.com
alemens@wc.com
kdewilde@wc.com

*Counsel for Jeffrey Fortenberry*