UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:24-cr-221 (TNM) |
| JEFFREY FORTENBERRY, | |
| *Defendant.* | |

GOVERNMENT'S MOTION *IN LIMINE* NO. 3
TO EXCLUDE INADMISSIBLE TESTIMONY BY THE DEFENDANT'S WIFE

The United States of America, by and through the undersigned attorneys, respectfully moves the Court to exclude inadmissible testimony by the Defendant's wife, Celeste Fortenberry.

During the prior proceeding in the Central District of California, Mrs. Fortenberry was called as a defense witness. The Government has moved in separate motions *in limine* to exclude aspects of her testimony that improperly presented inadmissible character evidence and other irrelevant material geared towards encouraging jury nullification. *See* ECF No 32.[1] Through this motion, the Government separately moves the Court to prevent the defense from presenting additional objectionable aspects from Mrs. Fortenberry's prior testimony. Specifically, this motion focuses on portions of Mrs. Fortenberry's prior testimony that improperly presented hearsay and/or irrelevant and speculative information.

Hearsay is an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Unless a certain rule otherwise allows, hearsay is inadmissible. Fed. R. Evid. 802. In addition, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

---

[1] The transcript of Mrs. Fortenberry's testimony in the prior proceeding was included as Exhibit 3 to ECF No. 32. *See* ECF No. 32-3.

1

"[P]ure speculation without personal knowledge is not admissible evidence." *Danzy v. IATSE Loc. 22*, No 1:17-cv-2083 (RCL), 2022 WL 873596, at *4 (D.D.C. Mar. 24, 2022) (citing Fed. R. Evid. 602), *aff'd* No. 23-7022, 2023 WL 4540489 (D.C. Cir. July 7, 2023). And, as is always the case, irrelevant evidence is inadmissible. Fed. R. Evid 402.

Throughout Mrs. Fortenberry's prior testimony, the defense elicited inadmissible testimony, often in the form of hearsay and irrelevant speculation. For example, Mrs. Fortenberry sought to improperly testify:

- About what her husband normally says to potential political donors on fundraising calls. ECF No. 32-3 at 33-34.

- That her husband came to talk to her about his phone call with Individual H. That conversation (and testimony about it) included attempts to explain what Individual H said to her husband, what he heard on the call, what concerns he had, what he spoke to Individual H about, that Mrs. Fortenberry had no concerns about conduit contributions based on her husband's recounting of what occurred on the call with Individual H. And yet, after that discussion with her husband, Mrs. Fortenberry told him to talk to a lawyer. *Id*. at 38-42.

- That her husband did in fact call a lawyer who specializes in federal election law and that he discussed his communication with Individual H during that call to the lawyer. *Id*. at 45.

- About the discussion she had with her husband after federal agents first came to their home in Nebraska, how she told her husband she felt at the time, and what his reaction was during those conversations. *Id*. at 58-60.

- About what her husband was saying to and discussing with public officials regarding a natural disaster that occurred just before federal agents came to their home in Nebraska. *Id*. at 45-55.

Finally, in a particularly disconcerting moment at the close of her prior direct examination, and over repeated sustained objections, Mrs. Fortenberry snuck in her irrelevant and highly prejudicial belief that her husband would never have intentionally lied to federal agents. *Id*. at 63-64.

In conferring with Fortenberry's counsel, the defense informed the Government that it reserves the right to call Mrs. Fortenberry and elicit the same testimony that she attempted to provide in the prior proceeding. If Mrs. Fortenberry is to testify again in this venue, the Court should ensure that she is prevented from presenting the types of irrelevant, speculative, and/or hearsay testimony described above.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar No. 481052

By:    */s/ Timothy Visser*
    TIMOTHY VISSER (DC Bar No. 1028375)
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C. 20530
    (202) 252-2590
    timothy.visser@usdoj.gov

    SUSAN HAR (Cal. Bar No. 301924)
    Special Assistant United States Attorney
    312 N. Spring Street, Suite 1200
    Los Angeles, CA 90012
    (213) 894-3289
    susan.har@usdoj.gov