UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JEFFREY FORTENBERRY,**<br><br>*Defendant.* | Criminal No. 1:24-cr-221 (TNM)<br><br>Oral Argument Requested |

**CONGRESSMAN FORTENBERRY'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF INVESTIGATION INTO UNCHARGED OFFENSES**

Congressman Fortenberry, through undersigned counsel, respectfully moves *in limine* to exclude evidence of the government's investigation into uncharged offenses other than potential campaign finance violations that underlie the charged offenses in this case. The Congressman respectfully requests oral argument on this motion under Local Criminal Rule 47(f).

The issue for trial is whether, in interviews with federal criminal investigators, Congressman Fortenberry knowingly and willfully made materially false statements or omissions about campaign contributions received years earlier. *See* Indict. ¶¶ 19-22. While the government's investigation into potential campaign finance violations may relate to the charged offenses, the rest of the government's sweeping, years-long investigation into potential bribery, conspiracy, honest services fraud, tax violations, and other offenses beyond campaign finance violations is irrelevant to any fact of consequence; the admission of evidence of that investigation would be highly prejudicial and would serve no proper purpose other than as possible, impermissible character evidence. The same is true for any testimony seeking hypothetically to connect bribery and illegal campaign contributions, including testimony by an agent that, in a prior, unrelated case he gave an illegal campaign contribution in the form of a bribe acting as an undercover agent. The government does not contend that Congressman Fortenberry committed any of these uncharged offenses, but nevertheless sought to introduce extensive testimony on these issues at the prior trial. The Court should exclude such testimony under Rules 401, 403, and 404(b).

## BACKGROUND

At the prior trial, the government called FBI Special Agents Todd Carter and Edward Choe, and IRS Special Agent James O'Leary. Ex. 1, Mar. 17, 2022 C.D. Cal. Trial Day 2 AM Tr. 52:21-53:13 (Carter); Ex. 2, Mar. 21, 2022 C.D. Cal. Trial Day 4 PM Tr. 118:17-119:12 (O'Leary); Ex. 3, March 22, 2022 C.D. Cal. Trial Day 5 Tr. 180:2-18 (Choe). All three agents participated in "Operation Titan's Grip," a years-long investigation focused on a number of individuals, which

ultimately led to the charges in this case. Indict. ¶¶ 1, 13, 21-22; Ex. 1, Trial Day 2 AM Tr. 87:21-88:8 (Carter); Ex. 3, Trial Day 5 Tr. 30:17-24 (O'Leary); *id.* at 182:8-18 (Choe). And all three agents explained that the scope of the investigation spanned beyond potential campaign finance violations, to other uncharged offenses including "bribery, conspiracy, honor [*sic*] services fraud, false statements[,] [a] Foreign Agents Registration Act violation," criminal tax violations, and wire fraud. Ex. 1, Trial Day 2 AM Tr. 88:23-89:9 (Carter); *see also id.* at 77:8-23, 96:12-21 (Carter); Ex. 3, Trial Day 5 Tr. 31:7-13, 33:11-23 (O'Leary); *id.* at 192:10-19 (Choe).

The government elicited pages of testimony about the role of suspected bribery during the investigation. The government previewed that it would do so in its opening statement, telling the jury that they would "hear that the investigation involved not only illegal campaign contributions but other Federal crimes, including bribery." Ex. 1, Trial Day 2 AM Tr. 22:8-11. Agent Carter alone testified to:

- how campaign finance offenses can implicate other offenses such as bribery;

- how bribery may play a role in foreign-national campaign contributions;

- his previous experience investigating bribery in connection with campaign contributions;

- his previous experience operating an undercover investigation and paying a bribe as a "purported" foreign entity through a contribution to a political action committee;

- the role of potential bribery in relationships among suspects of illegal contributions and recipient politicians; and

- the agents' interest in determining whether the Congressman had performed an official act in exchange for illegal campaign contributions.

Ex. 1, Trial Day 2 AM Tr. 66:12-67:4, 69:2-17, 76:19-21, 78:4-12, 102:5-22, 104:7-19, 106:11-21, 110:1-4, 111:17-114:2, 122:4-126:23. Agent Choe added on, testifying to the FBI's investigation into the Congressman's "legislative work and official acts," and whether a "potential

2

corrupt relationship" existed.  Ex. 3, Trial Day 5 Tr. 207:18-208:5; *see also* Ex. 2, Trial Day 4 PM Tr. 122:16-24 (O'Leary) (testifying to various types of tax law violations that could be investigated).  The government also asked defense witnesses hypothetical questions about bribery.  Ex. 5, Mar. 23, 2022 C.D. Cal. Trial Day 6 Tr. 128:19-21 ("And you would also agree with me … that if that person donated in return for an official act, though, that would be illegal, correct?").

Judge Blumenfeld, who presided over the prior trial, issued multiple curative and limiting instructions.  After Agent Carter testified, Judge Blumenfeld instructed the jury:

> [Y]ou have been hearing testimony about the federal investigation in this case. In the course of that testimony, you've heard references about an investigation into potential bribery among other things.  The defendant in this case is not charged with bribery. You should not conclude or draw any inference that the defendant committed an act of bribery.  Any reference to bribery is offered for the limited purpose of demonstrating the nature and scope of the investigation.  You may consider it for no other purpose.

Ex. 4, Mar. 17, 2022 C.D. Cal. Trial Day 2 PM Tr. 58:24-59:8; *see also* Ex. 3, Trial Day 5 Tr. 35:23-36:5 (similar instruction); Ex. 6, Mar. 24, 2022 C.D. Cal. Trial Day 7 Tr. 125:20-126:2 (similar instruction).

## ARGUMENT

Evidence regarding the "nature and scope of the investigation," to the extent it involved uncharged offenses other than campaign finance violations, is highly prejudicial, irrelevant, and serves no proper purpose other than as impermissible character evidence; its admission would violate Rules 401, 403, and 404(b) of the Federal Rules of Evidence.

***First***, evidence of unproven, hypothetical offenses has no tendency to make any fact of consequence at trial more or less true.  Fed. R. Evid. 401.  The Indictment does not charge the Congressman with bribery or any other underlying criminal act, such as tax violations or honest services fraud, and the government does not even contend that he committed any of these alleged uncharged offenses.  Broader investigations into whether the Congressman or numerous other

3

individuals committed other offenses have no bearing on whether the Congressman made false statements regarding the specific alleged campaign finance violations committed by others.

At best, this evidence constitutes impermissible character evidence that fails to meet the requirements of Rule 404(b), under which "evidence of any other crime, wrong, or act is not admissible" unless for a purpose other than "to prove a person's character," such as "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). But even that characterization would be a charitable one, because Rule 404(b) evidence can be "relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Here, neither is true: The evidence at issue relates to investigative theories that the government ultimately did not pursue, not to acts proven to have occurred, much less to have been committed by the Congressman. The government does not contend that the Congressman participated in bribery, so extensive testimony about investigating the possibility of bribery serves only to smear him with improper inuendo.

Whether introducing "traditional 'other crimes' evidence," or whether, as here, "paint[ing] a picture of … inuendo," the prosecutor may not attempt to cast doubt on the defendant's character. *United States v. Shelton*, 628 F.2d 54, 56-57 (D.C. Cir. 1980); *United States v. Duran*, 884 F. Supp. 558, 559, 561-62 (D.D.C. 1995) (excluding evidence of defendants' previous criminal record and attempted criminal acts because "the jury could easily infer from such evidence that the Defendant is a bad person with criminal propensities, and improperly convict on that basis"). Rule 404(b) is not an opportunity for the government to "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Huddleston*, 485 U.S. at 689; *see also United States v. Ruffin*, 40 F.3d 1296, 1298

4

(D.C. Cir. 1994) (defendant would have been entitled to strike evidence tying him to other offenses the jury could not reasonably conclude he committed).

***Second***, introducing any evidence of the government's investigation into hypothetical offenses that it ultimately did not charge creates an overwhelming, prejudicial risk that the jury will convict the Congressman based on impermissible suspicions that he committed offenses not charged in the Indictment. *See* Fed. R. Evid. 403; *United States v. Robinson*, 2017 U.S. Dist. LEXIS 234734, at *2 (D.D.C. June 19, 2017) (excluding evidence of patient deaths and injuries from drug overdoses under Rule 403). Although the indictment in *Robinson* charged the defendant-doctor with drug distribution through non-legitimate prescriptions, the government was "no longer pursuing charges … that Defendant caused the death or injury of his patients." *Id.* at 1-2, 3-4. "[I]n the absence of such charges," this Court held, "the danger of unfair prejudice this evidence would engender substantially outweigh[ed] its probative value" due to the "significant risk that [the jury] would speculate that Defendant had caused these results and seek to punish Defendant for doing so." *Id.* at 4-5; *see also United States v. Robinson*, 255 F. Supp. 3d 199, 205 (D.D.C. 2017) (defendant must not be "unfairly force[d]" to "defend against … allegations not expressly at issue" and that "would improperly overshadow the actual conduct charged"). Here, the government is not pursuing any charges against the Congressman other than false statements charges in connection with alleged campaign finance violations by others; any evidence about myriad uncharged offenses the government happened to investigate would risk significant prejudice and invite the jury to speculate that the Congressman engaged in the other crimes under investigation.

***Third***, contrary to the government's claim at the prior trial, the admission of extensive evidence of investigations into uncharged conduct cannot be justified as somehow necessary to

5

demonstrate "the legitimacy of the investigation." Ex. 4, Trial Day 2 PM Tr. 5:23-25. The legitimacy of the government's investigation into potential campaign finance violations is not at issue in this case, and the reasons the government may at one point have had for pursuing its investigation are of no moment to the charges the Congressman ultimately faces here: alleged statements and omissions about his purported after-the-fact knowledge of underlying illegal campaign contributions, not other underlying acts. *See Sims v. Sunovion*, 2022 WL 19300605, at *3 (D.D.C. Feb. 10, 2022) (excluding evidence that went to other already-dismissed employment discrimination claims when Plaintiff had not demonstrated its relevance to her remaining claim).

## CONCLUSION

For the foregoing reasons, Congressman Fortenberry respectfully requests that the Court exclude evidence of uncharged offenses under investigation other than potential campaign finance violations.

Date: November 12, 2024

Respectfully submitted,

/s/ *Tobin J. Romero*
Tobin J. Romero (Bar. No. 461273)
Jonathan B. Pitt (Bar No. 479765)
Andrew P. Lemens (Bar No. 156487)
Kristen A. DeWilde (Bar No. 90012738, *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel: (202) 434-5000
F: (202) 434-5029
tromero@wc.com
jpitt@wc.com
alemens@wc.com
kdewilde@wc.com

*Counsel for Jeffrey Fortenberry*