**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JEFFREY FORTENBERRY,**<br><br>*Defendant.* | **Criminal No. 1:24-cr-221 (TNM)** |

**CONGRESSMAN FORTENBERRY'S OPPOSITION**
**TO GOVERNMENT'S MOTION *IN LIMINE* NO. 2**

Congressman Fortenberry, through undersigned counsel, respectfully submits this opposition to the government's motion *in limine* No. 2. The government's motion should be denied as premature and the government should make objections at trial because most of these issues are unlikely to arise.

1.    *Selective prosecution*. The defense does not intend to introduce case-in-chief evidence that (a) the government is prosecuting Congressman Fortenberry because of his political status, beliefs, or speech; or (b) non-testifying government personnel harbor political bias. If, however, a witness testifies against the Congressman and there is evidence that the testifying witness is biased against the Congressman, the defense plainly is entitled to cross-examine for bias. The Supreme Court has so held, *United States v. Abel*, 469 U.S. 45, 52 (1985) ("Proof of bias is almost always relevant."), and the government itself acknowledges that "bias is always a relevant subject for cross examination," ECF No. 32 at 9. *See also United States v. Spencer*, 25 F.3d 1105, 1109 (D.C. Cir. 1994). The defense likewise is entitled to impeach non-testifying declarants as if they were testifying in Court. *See* Fed. R. Evid. 806.

2.    *Potential punishment.*   The defense does not intend to introduce case-in-chief evidence about the punishment that Congressman Fortenberry has received or could receive in the event of conviction, but reserves the right to do so if the government opens the door.   The government disclaims any intent to "mention punishment or the other consequences of this prosecution to Fortenberry," ECF No. 32 at 10, but, in fact, the government argued to the jury in the prior trial that Congressman Fortenberry had a motive to lie about alleged campaign finance irregularities to avoid harm that would flow from campaign finance charges.  *See* Ex. 1, C.D. Cal. Mar. 24, 2022 Trial Tr. 218-20 (government closing, arguing the Congressman had a motive to lie because "the truth . . . could result in an FEC inquiry" in addition to other reputational harms). This argument is nonsense and, if repeated in this trial, would properly be rebutted by evidence that the Congressman had a motive to tell the truth, which he did, to avoid harm that would flow from this unfounded prosecution and the collateral consequences it could cause.

3.    *Character evidence.*   This issue is premature because Congressman Fortenberry has not yet decided which if any defense witnesses he will call at trial, including character witnesses. It is also premature when, as the government admits, evidence concerning the Congressman's "congressional work and travels may be relevant to the trial."  ECF No. 32 at 13.  For that reason, we will not burden the Court with argument on each bulleted example set forth in the government's brief, but note that it is quite rich for the government to assert that it was somehow inappropriate in the prior trial to introduce evidence that Congressman Fortenberry's support for religious minorities was sincere, *id.* at 2-13 (quoting testimony of Congresswoman Eshoo and of Nibras Basitkey), when it was the government that injected irrelevant, highly prejudicial speculation into the prior trial about hypothetical quid pro quos in exchange for supporting positions advocated by religious minorities, Ex. 2, C.D. Cal. Mar. 17, 2022 AM Trial Tr. 111-13 (government questioning

about the potential link between donations and official acts). It would also be entirely appropriate for the defense to offer evidence concerning other events occurring in June 2018 and March 2019 that may have had some bearing on the Congressman's state-of-mind at the time of the at-issue statements.[1]


Date: December 3, 2024                    Respectfully submitted,

                                          /s/ *Tobin J. Romero*
                                          Tobin J. Romero (Bar. No. 461273)
                                          Jonathan B. Pitt (Bar No. 479765)
                                          Andrew P. Lemens (Bar No. 156487)
                                          Kristen A. DeWilde (Bar No. 90012738, *pro hac vice*)
                                          WILLIAMS & CONNOLLY LLP
                                          680 Maine Ave SW
                                          Washington, DC 20024
                                          Tel: (202) 434-5000
                                          F: (202) 434-5029
                                          tromero@wc.com
                                          jpitt@wc.com
                                          alemens@wc.com
                                          kdewilde@wc.com

                                          *Counsel for Jeffrey Fortenberry*

---

[1]     It is also proper for the Congressman to admit evidence—whether it be photographs or testimony—putting into context the circumstances of the March 2019 interview at his home.