UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JEFFREY FORTENBERRY,**<br><br>*Defendant.* | Criminal No. 1:24-cr-221 (TNM) |

**CONGRESSMAN FORTENBERRY'S
<u>MOTION FOR CONTINUANCE</u>**

Congressman Fortenberry, through undersigned counsel, respectfully moves this Court to continue his scheduled February 3, 2025 trial for a period of two months, to provide the U.S. Department of Justice, under new leadership, the opportunity to review the decision to re-indict the Congressman and to pursue this prosecution. Such a continuance would not prejudice the government, and would save this Court, and the parties, considerable time, energy, and resources if the Department of Justice reverses the decision to prosecute Congressman Fortenberry after President-elect Donald Trump takes office. The government has informed the defense that it opposes the requested relief. The reasons supporting the Congressman's request follow:

1. Congressman Fortenberry's conviction in the U.S. District Court for the Central District of California, which resulted in a non-custodial sentence of two years of probation (as well as community service and a fine), was reversed by the U.S. Court of Appeals for the Ninth Circuit on December 26, 2023. *United States v. Fortenberry*, 89 F.4th 702, 705, 713 (9th Cir. 2023). In that prosecution, as well as in the indictment in this Court, Congressman Fortenberry "was charged with making false statements . . . in violation of 18 U.S.C. § 1001, but not with a violation of the federal election laws." *Id.* at 704. In reversing Congressman Fortenberry's conviction, the Ninth

Circuit held that "Fortenberry's convictions are reversed so that he may be retried, **if at all**, in a proper venue." *Id.* at 713 (emphasis supplied).

2.	On October 29, 2024, Congressman Fortenberry moved this Court to grant discovery on selective prosecution and selective enforcement. Dkt. No. 25. In that motion, the Congressman presented considerable evidence of discriminatory effect and purpose as regards his prosecution, based upon political bias, as well as investigative irregularities. *Id.* at 5-11, 17-26.

3.	On November 5, 2024, Donald Trump was elected to be the next President of the United States of America. President-elect Trump has publicly stated that upon taking office, one of his priorities, and those of his presumptive nominee for Attorney General, Pamela Bondi, will be to revisit prosecutorial decisions they believe to have been politically motivated.[1] *See, e.g.*, Eric Tucker et al., "Trump Chooses Loyalist Pam Bondi for Attorney General Pick after Matt Gaetz Withdraws," *Associated Press* (Nov. 22, 2024) ("'For too long, the partisan Department of Justice has been weaponized against me and other Republicans - Not anymore. . . . Pam [Bondi] will refocus the DOJ to its intended purpose of fighting Crime, and Making America Safe Again.'")[2]; Amy Gardner et al., "Trump Plans To Fire Jack Smith's Team, Use DOJ To Probe 2020 Election," *Washington Post* (Nov. 22, 2024) (quoting President-elect Trump's Press Secretary as stating: "One of the many reasons that President Trump won the election in a landslide

---

[1] None of this should be read to suggest somehow that the defense believes the Court has any role in determining prosecutorial priorities. To the contrary, the point here is that by granting a short continuance, the Court would allow the executive branch to undertake a review of this prosecution and its compatibility with the priorities of the new administration.

[2] Available at https://apnews.com/article/gaetz-trump-fbi-justice-department-248b46ba0c882dd46d661568e8bd3bd7.

is Americans are sick and tired of seeing their tax dollars spent on targeting the Biden-Harris Administration's political enemies rather than going after real violent criminals in our streets.").[3]

4. This case would be an unusual one in any administration—the government's cooperating witnesses acknowledge that Congressman Fortenberry was not involved with, nor did he have contemporaneous knowledge of, the underlying alleged campaign-finance violations; the Congressman served the majority of his two-year probationary sentence before his conviction was reversed; and the government has been unable to identify a single case in which it has re-indicted and re-tried a defendant under similar circumstances. But the political elements of this case make it the type of prosecutorial decision the incoming administration has made clear it will reexamine upon taking office. Indeed, President-elect Trump has in the past pointed specifically to this case as "very unfair." Aaron Sanderford, "Trump Rallies for Herbster, Defends Fortenberry and Attacks Bacon, Sasse," *Nebraska Examiner* (May 1, 2022)[4]; *see* Lexi Lonas Cochran, "Trump Defends Indicted GOP Congressman," *The Hill* (Oct. 19, 2021).[5] And "[s]ome local and national political observers expect the Justice Department to reverse course on prosecuting Fortenberry once President-elect Donald Trump takes office." Aaron Sanderford, "Rep. Jim Jordan's Letter Questions Former NE Rep. Jeff Fortenberry's Prosecution," *Nebraska Examiner* (Dec. 6, 2024).[6]

5. In light of those positions, the incoming administration may also take a different position on Congressman Fortenberry's motion for discovery on selective prosecution and

---

[3] Available at https://www.washingtonpost.com/national-security/2024/11/22/trump-jack-smith-prosecutors-firing-justice-department-investigation/.

[4] Available at https://nebraskaexaminer.com/2022/05/01/trump-rallies-for-herbster-defends-fortenberry-and-attacks-bacon-sasse/.

[5] Available at https://thehill.com/blogs/blog-briefing-room/news/577510-trump-defends-indicted-gop-congressman/.

[6] Available at https://nebraskaexaminer.com/2024/12/06/rep-jim-jordans-letter-questions-prosecuting-nebraskas-jeff-fortenberry/.

3

selective enforcement, and may decide to provide such discovery voluntarily rather than opposing it.  Of note, Congressman Jim Jordan recently formally requested that the U.S. Attorney's Office for the Central District of California "preserve all existing and future records and materials related to your office's investigation and prosecution of Representative Fortenberry," as part of the Committee on the Judiciary's "examin[ation of] the politicization of the Department of Justice." J. Jordan Letter to E. Estrada (Dec. 5, 2024).[7]

6.      As the Court is aware, trial in this matter is set to occur in less than two months, on February 3, 2025.  The Court, the defense, and the government are therefore about to expend considerable time, energy, and resources to prepare for trial and to try this matter.  A decision by the incoming administration to halt the re-prosecution of Congressman Fortenberry would render superfluous the Court's and the parties' expenditure of time, energy, and resources in preparing for trial and trying this case.  To avoid a potential waste of time, energy, and resources, the Court should grant a short, two-month continuance, until early-April 2025 (or such other time as suits the Court's convenience) and reset the intervening pretrial schedule.  This Court has broad discretion to grant a continuance upon the request of a party, particularly where such relief "is reasonably necessary for a just determination of the cause." *Neufield v. United States*, 118 F.2d 375, 380 (D.C. Cir. 1941).[8]

---

[7] Available at https://nebraskaexaminer.com/wp-content/uploads/2024/12/2024-12-05-JDJ-to-Estrada-re-Fortenberry.pdf.

[8]     We recognize that courts in this District have taken differing approaches to other requests for continuances based upon similar circumstances, with some granting continuances and others denying them.  We believe, for the reasons stated above, that the circumstances here provide a far more compelling case for a continuance than those at issue in the various January 6 prosecutions.

7.      No prejudice to the government would result from the grant of such a continuance, because the government could continue to press this matter in the event the incoming administration were to decline to reexamine the prosecutorial decisions that led to this case.

For the foregoing reasons, Congressman Fortenberry respectfully requests that the Court grant this motion and that it continue this trial for a period of two months and reset the intervening pretrial schedule.

Date: December 9, 2024                    Respectfully submitted,

/s/ *Tobin J. Romero*
Tobin J. Romero (Bar. No. 461273)
Jonathan B. Pitt (Bar No. 479765)
Andrew P. Lemens (Bar No. 156487)
Kristen A. DeWilde (Bar No. 90012738, *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel: (202) 434-5000
F: (202) 434-5029
tromero@wc.com
jpitt@wc.com
alemens@wc.com
kdewilde@wc.com

*Counsel for Jeffrey Fortenberry*