## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 1:24-cr-221 (TNM)** |
| **JEFFREY FORTENBERRY,** | |
| *Defendant.* | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE

The United States of America, through the undersigned attorneys, respectfully submits this opposition to the Defendant's Motion for Continuance (ECF No. 59).  The motion is not supported by valid reasons.  It rests instead on contrived circumstances, exaggerations, and speculation.  The motion should be denied.

### I.    RELEVANT BACKGROUND

Two separate grand juries have indicted the Defendant.  Following a trial, a petit jury in the Central District of California convicted him on all counts charged.  The Ninth Circuit reversed the conviction on venue grounds, but it explicitly did so "without prejudice to retrial in a proper venue."  *United States v. Fortenberry*, 89 F.4th 702, 704 (9th Cir. 2023).[1]

The District of Columbia is a proper venue for this matter.  On May 8, 2024, a grand jury in this District indicted the Defendant on two felony counts.  The Defendant was arraigned on May 23, 2024.  At that hearing, the Court set a status hearing for July 26, 2024, and a trial date for February 3, 2025.  At the July 26 status hearing, neither party requested that the trial be continued,

---

[1] As the government previously noted, prior to oral argument in the Ninth Circuit the Defendant informed the panel that he could be retried in a proper venue even if the court agreed that venue was improper in California.  *See* ECF No. 46 at 6 n.1.

and the Court set a schedule that required the parties to file any pretrial motions by November 12, 2024. The parties have since complied with the deadlines. Trial remains set for February 3, 2025.

On October 29, 2024, the Defendant filed a motion to compel discovery on the basis of selective prosecution. *See* ECF No. 25. The government timely filed its opposition to that motion and explained the reasons why the motion was meritless. ECF No. 46. On December 9, 2024, the Defendant moved to continue the trial. ECF No. 59. The continuance request rests on the same unfounded claims that the defense put forward in its pending motion to compel and fails to raise any cognizable basis for a continuance under the Speedy Trial Act. *See id.*

## II.    RELEVANT LEGAL PRINCIPLES

Trial courts have wide discretion when ruling on continuance requests. *See United States v. Grantt*, 140 F.3d 249, 256 (D.C. Cir. 1998) (citing *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990)). In exercising that discretion, courts consider, among other things:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstances which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as the lead or associate counsel, and whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature.

*Id* (citations omitted).

Where a party seeks a continuance purportedly based on the ends of justice outweighing the best interests of the public and the defendant in a speedy trial, courts are required to consider the factors enumerated in 18 U.S.C. § 3161(h)(7)(B).

### III.    ARGUMENT

The reasons for the defense request are contrived.  The defense makes no attempt to anchor its argument in the required § 3161(h)(7)(B) factors or in the sorts of considerations that courts normally weigh.  There is no proper basis for continuing this matter.  Nor would there be any material or substantial prejudice to the Defendant in moving forward with the current schedule. But granting the motion would not serve the interests of justice or of the public in a speedy trial. The motion should be denied.

The Defendant's request is an exercise in cynical circular reasoning resting on speculation and exaggeration.  First, through his motion to compel discovery, the Defendant lobbed baseless and inflammatory claims that the prosecution is politically motivated.  Presumably, and as was the case during the prior proceeding, the Defendant hoped his self-generated and threadbare allegations would be amplified through public reporting.  Then, before this Court ruled on the merit (or lack thereof) of the Defendant's selective prosecution motion, he now moves to continue trial by arguing that his allegations of politization mean that the incoming administration "*may*" view the prosecution differently than: the various career prosecutors who have worked on this matter since 2016; the multiple grand juries that indicted the Defendant; the trial jury that convicted him; the district court that previously rejected his suggestions of selective prosecution, oversaw his trial, rejected his motions for a judgment of acquittal, and sentenced him; and the appellate court that allowed the prosecution to continue in a proper venue.

Tellingly, the defense does not address the factors that courts in this District normally consider when determining whether to grant a continuance.  *See supra* Sec. II.  Instead, the defense conclusively asserts that the continuance "is reasonably necessary for a just determination of the cause."  *See* ECF No. 59 at 4 (citing *Neufield v. United States*, 118 F.2d 375, 380 (D.C. Cir. 1941)).

But the defense has not explained why a continuance is "reasonably necessary" for *anything*.  The Defendant has not proffered legitimate, non-speculative, and legally required reasons for the request.

There is, however, a valid public interest in the prompt and efficient administration of justice.  The defense request cannot be reconciled with the Speedy Trial Act's emphasis that continuances must be based on reasons that "outweigh the best interest of the public" in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The speculative hope that the executive branch might change its view of the case is not such a basis—particularly in the retrial of criminal offenses where the evidence amply supported the previous guilty verdict and was not questioned by the Ninth Circuit on appeal.  And because the Court is an apolitical and independent body responsible for ensuring the rule of law, it should proceed as it would in any prosecution.

The Defendant lobs a final claim that "the circumstances here provide a far more compelling case for a continuance than those at issue in the various January 6 prosecutions."  ECF No. 59 at 4 n.8.  The Defendant's argument for a continuance is no more compelling than continuance requests coming in the context of January 6 prosecutions.  And various judges in this District have rightly denied motions to continue those cases, even though they are based on more tangible likelihoods of future pardons than what is at play in this matter.[2]

---

[2] *See, e.g.*, *United States v. Davis*, No. 23-cr-281 (CJN), Minute Order, November 27, 2024 (denying a motion to continue a misdemeanor bench trial based on potential clemency); *United States v. Hughes*, No. 23-cr-237 (CJN), Minute Order, November 14, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Connell et al.*, No. 21-cr-84 (PLF), ECF No. 157 (denying a motion to continue sentencing because "[w]hatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities"); *United States v. Johnson*, No. 24-cr-141 (JDB), Minute Order, November 14, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Baker*, No. 24-cr-121 (CRC), Minute Order, November 11, 2024 (denying a motion to continue all proceedings based on potential clemency); *United States v. Avery*, No. 24-cr-79 (CRC), Minute

## IV.    CONCLUSION

The Defendant's motion relies on purposefully contrived rationale and circumstances. There is no valid basis for the continuance sought.  The motion should be denied.  Trial should begin on February 3, 2025.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    */s/ Timothy Visser*
TIMOTHY VISSER (DC Bar No. 1028375)
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2590
timothy.visser@usdoj.gov

SUSAN HAR (Cal. Bar No. 301924)
Special Assistant United States Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
(213) 894-3289
susan.har@usdoj.gov

---

Order, November 6, 2024 (denying continuance of sentencing hearing based on claim of potential clemency); *United States v. Fuller*, No. 23-cr-209 (CKK), Minute Order, November 6, 2024 (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Carnell, et al.*, No. 23-cr-139 (BAH), Minute Order, November 6, 2024 (denying motion to continue status conference based on claim of potential clemency); *United States v. Lichnowski*, No. 23-cr-341 (RBW), ECF No. 73 (denying motion to continue sentencing hearing based on claim of potential clemency because "the potential future exercise of the discretionary pardon power, an Executive Branch authority, is irrelevant to the Court's obligation to carry out the legal responsibilities of the Judicial Branch").