UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JEFFREY FORTENBERRY,**<br><br>*Defendant.* | **Criminal No. 1:24-cr-221 (TNM)** |

**CONGRESSMAN FORTENBERRY'S REPLY BRIEF IN FURTHER
SUPPORT OF HIS MOTION FOR CONTINUANCE**

    The government's Opposition to Congressman Fortenberry's Motion for Continuance is notable not for its substance, but for the extent of its vitriol. Most of it merits no response, and none of it sheds light on the Congressman's modest and pragmatic request for a short continuance of two months. We respectfully submit this Reply Brief, however, to address three issues.

    1.    *First*, the government suggests that the Congressman's Motion for Continuance somehow invites the Court to abandon its role as "an apolitical and independent body responsible for ensuring the rule of law." Dkt. No. 60, at 4. Though one would not know it from reading the government's Opposition, when defense counsel first spoke with the government about this Motion, counsel for the government stated that he understood the practicalities of this motion, even though the government likely would oppose it. It is precisely those practicalities that underlie the Congressman's Motion: the reality that a brief continuance would best conserve the Court's and the parties' resources given indications that the incoming administration may revisit the government's unprecedented decision to re-indict and retry this matter. Far from somehow compromising the Court's independence, the grant of a continuance would best ensure the executive branch retains the ability to make determinations regarding the proper use of

prosecutorial resources, while avoiding the very real possibility that the considerable expenditure of resources by the Court and the parties turns out to have been unnecessary.

2. ***Second***, the government suggests that judges of this Court have uniformly denied motions for continuances premised in part upon the forthcoming change in administration, claiming that "various judges in this District have rightly denied motions to continue those cases, even though they are based on more tangible likelihoods of future pardons than what is at play in this matter," and citing minute orders in which judges of this Court have denied requests for continuance. *Id.* at 4 & n.2. In fact, as Congressman Fortenberry pointed out in his Motion, while some judges of this Court have denied such requests, others have granted them. Dkt. No. 59, at 4 n.8.[1] Thus, while the government dismisses as "speculati[on]" the notion that the incoming administration will reconsider this prosecution and asserts that such factors ***cannot*** provide a basis for a continuance, Dkt. No. 60, at 4, the fact that judges of this Court have taken these considerations into account belies those claims.

3. ***Third***, the government again disparages the Congressman's Motion To Obtain Discovery on Selective Prosecution and Selective Enforcement, Dkt. No. 25, claiming, without basis, that it consists of "self-generated and threadbare allegations" intended to generate publicity, and is identical to motions brought in the first trial. Dkt. No. 60, at 3. Neither claim comes close

---

[1]   *See, e.g.*, *United States v. Lang*, No. 21-cr-53, Nov. 19, 2024 Minute Entry (D.D.C) (granting in part motion to continue citing Trump's election); Michael Kunzelman, *Trump-Nominated Judge Says Blanket Pardons for Capitol Rioters Would Be 'Beyond Frustrating,'* AP News (Nov. 20, 2024), https://tinyurl.com/2h9f6xye (reporting on *Lang* hearing); *see also United States v. Pope*, No. 21-cr-128, ECF No. 373 (D.D.C. Nov. 8 2024) (motion to continue trial date following President Trump's electoral victory); *id.*, November 14, 2024 Minute Entry (granting motion); Spencer S. Hsu, *Judge Puts Off Jan. 6 Trial After Defendant Points to Possible Trump Pardon*, Wash. Post. (Nov. 14, 2024), https://tinyurl.com/4waeb47k (discussing *Pope* and Judge Nichols' separate decision to set late trial date for three January 6 defendants in *United States v. Hunt*, No. 24-cr-154 (D.D.C.)).

to being accurate. As a preliminary matter, no identical motion was filed in the first trial when Congressman Fortenberry was represented by different counsel. This retrial stands out from the prior trial because of the unprecedented decision to retry a defendant who had received a probationary sentence and had served most of it. Defense counsel has been challenging the government for months to identify any precedent for its odd decision, and it simply cannot. The singling out of Congressman Fortenberry for retrial, the procedural irregularities, and the evidence of bias make this case unlike anything undersigned counsel has ever seen. Congressman Fortenberry will respond substantively to these and the government's other attacks in his forthcoming Reply Brief in his Motion To Obtain Discovery.

For the foregoing reasons, as well as those stated in his opening brief, Congressman Fortenberry respectfully requests that the Court grant this motion and that it continue this trial for a period of two months and reset the intervening pretrial schedule.

Date: December 12, 2024

Respectfully submitted,

/s/ *Tobin J. Romero*
Tobin J. Romero (Bar. No. 461273)
Jonathan B. Pitt (Bar No. 479765)
Andrew P. Lemens (Bar No. 156487)
Kristen A. DeWilde (Bar No. 90012738, *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave SW
Washington, DC 20024
Tel: (202) 434-5000
F: (202) 434-5029
tromero@wc.com
jpitt@wc.com
alemens@wc.com
kdewilde@wc.com

*Counsel for Jeffrey Fortenberry*