UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 1:24-cr-221 (TNM) |
| JEFFREY FORTENBERRY, | |
| *Defendant*. | |

### UNITED STATES' REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO PRECLUDE IMPROPER ARGUMENT REGARDING MATERIALITY

The United States of America, by and through the undersigned attorneys, respectfully submits this reply in support of its motion *in limine* to preclude improper argument regarding materiality. In its motion, the government identified three well-established legal propositions regarding materiality in the context of prosecutions under 18 U.S.C. § 1001: (1) materiality does *not* require the Defendant's statements to have actually affected a federal agency's decisions or activities; (2) materiality is *not* defeated if the agency "already knew" the statements were false at the time they were made; and (3) materiality does *not* require there to be a discrete, pending decision to be determined by the agency. *See* ECF No. 31 ["Mot."]. As explained in the government's motion, the defense should be precluded from making arguments or suggestions to the jury that contradict these three statements of law.

Tellingly, in his opposition, Fortenberry does *not* contend that any of the three foregoing statements of law are incorrect. *See* ECF No. 54 ["Opp'n"]. Rightfully so, as he would have no grounds to do so based on the binding precedent set forth in the government's motion.[1] Mot. at 4-7. There can be no dispute that materiality asks whether the statement has a natural tendency to

---

[1] Indeed, with respect to at least the first legal principle that materiality does not require any actual influence or effect on the agency, the defense concedes this is an accurate statement of the law. Opp'n at 3.

influence, or was capable of influencing, the decision of the decisionmaking body to which it was addressed, and that, when an investigation is pending, the jury can evaluate materiality by considering the nature, context, and subject of that investigation. *See United States v. Verrusio*, 762 F.3d 1, 20–21 (D.C. Cir. 2014); (*see also* ECF No. 52).

Even more revealing is the defense's contradictory positions regarding whether materiality turns on the particular circumstances at hand. *See* Opp'n at 2-3. In his opposition, Fortenberry first grossly mischaracterizes—then attacks—the government's motion *in limine*, asserting that materiality must be "judged by the facts and circumstances in the particular case" and that "[t]he jury cannot determine the [agency's] decision at issue unmoored from the context in which the false statements were made." *Id.* Yet in Fortenberry's motion *in limine* to exclude evidence of the federal investigation, ECF No. 37, he seeks to exclude evidence of those exact "facts and circumstances in the particular case" that he now acknowledges are of utmost importance to determining materiality. Fortenberry's flip-flopping aside, context does matter—and in this case that means the jury will need to understand that Fortenberry made his false statements during the course of a significant federal investigation into whether potential bribery, wire fraud, tax violations, obstruction of justice, conspiracy and other federal crimes were committed or attempted in connection with the facilitation and concealment of the illegal campaign contribution scheme.

Because the defense does not actually oppose the government's motion *in limine*[2]—or otherwise contend that it is entitled to argue an incorrectly elevated standard of materiality—this

---

[2] The defense takes issue with the government's discussion of *Brogan* and *Flynn* and the general, uncontroversial proposition that a false statement must relate to the subject of the investigation or the authorized functioning of the agency in order to be material. Opp'n at 1-2. In any event, the government's motion *in limine* does not propose a definition of materiality that equates it with the concept of "mere relevance." Opp'n at 3.

Court should grant the government's motion and preclude the defense from making any improper arguments or references to the jury that materiality (1) requires Fortenberry's statements to have actually affected the federal agency's decisions or activities; (2) is defeated if the agency "already knew" the truth behind Fortenberry's false statements; and/or (3) requires there to be a discrete, pending decision by the agency.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Susan Har*
SUSAN HAR (Cal. Bar No. 301924)
Special Assistant United States Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
(213) 894-3289
susan.har@usdoj.gov

TIMOTHY VISSER (DC Bar No. 1028375)
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-2590
timothy.visser@usdoj.gov