UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY FORTENBERRY,<br><br>*Defendant.* | Criminal No. 1:24-cr-221 (TNM) |

### UNITED STATES' REPLY IN SUPPORT OF ITS
### MOTION TO EXCLUDE INADMISSIBLE EXPERT TESTIMONY

The United States of America, through the undersigned counsel, respectfully submits this reply in further support of its Motion to Exclude Inadmissible Expert Testimony (ECF No. 47). Contrary to the defense's claims, Professor Alan Castel's proposed testimony is inadmissible and should be excluded, as it was at the prior trial.

In its motion, the government explained why the proposed expert testimony fails to comport with the admissibility standards outlined in Rules 702, 703, 704, and 403. *See generally* ECF No. 47 at 6-9. In its opposition, the defense fails to carry its burden of demonstrating that the proposed testimony meets the admissibility requirements under any of these rules (let alone all of them).

The defense states that "Dr. Castel's testimony is necessary to provide critical context" in this case. ECF No. 74 at 1. But the defense cannot pretend away the fact that Dr. Castel's testimony would cover concepts that jurors can and do understand, and the defense cannot show that the testimony has the requisite "'fit' to assist the jury" in this case. *United States v. Libby*, 461 F. Supp. 2d 3, 6 (D.D.C. 2006) (citing *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 593 (1993)).

1

The defense seeks to but cannot meaningfully differentiate this case from Judge Walton's thorough, persuasive, and entirely apt analysis in *Libby*. In *Libby*, as is the case here, the charges were "predicated on statements that the defendant allegedly made to Special Agents of the Federal Bureau of Investigation ("FBI")." 461 F. Supp. 2d at 4. In *Libby*, as is the case here, the alleged false statements "occurred when the defendant recounted conversations he [previously] had." *Id*. In *Libby*, as is the case here, the defendant sought to rebut the charges by arguing that "any errors he may have made in describing the events were occasioned by confusion or faulty memory, not any willful intent to misrepresent the truth." *Id*. In *Libby*, as is the case here, the defendant claimed that his proposed "expert testimony '[would] assist the jury by providing information about the findings of memory research that are not already known to the jurors.'" *Id*. at 5.[1] And in *Libby*, as should be the case here, the Court concluded that "the defendant 'cannot meet his burden as the proponent of the evidence of establishing that the testimony will assist the jury in understanding or determining any of the facts at issue in this case.'" *Id*. at 8-9.

The defense also fails to negate the import of the other cases the government cites. But even more striking is the defense's complete lack of caselaw affirmatively supporting its position. The defense does not point to a single comparable case admitting the type of testimony proposed— namely, a proffered expert on memory presenting "general principles" and then applying them through a claimed analysis of two government interviews at issue. This absence of affirmative support is a telling indicator that the defense cannot carry its burden of showing how the proposed testimony meets the admissibility requirements outlined in Rules 702, 703, 704, and 403.

---

[1] Here, the defense seeks to take things even further by having its expert also speculate as to the application of those common principles to critical facts in the case.

In struggling to articulate how its proposed expert testimony complies with the requirements of Rule 702 specifically, the defense passingly points to two articles for the proposition that "expert testimony is essential to correct juror's misperceptions about the ease of recalling events well in the past, when conversations regarding those events have affected the subject's memory." ECF No. 74 at 5-6 (citing Simons & Chabris, "What People Believe About How Memory Works: A Representative Survey of the U.S. Population," (PLOS ONE Aug 3, 2011); Kassam et al., "Misconceptions of Memory: The Scooter Libby Effect," 20-5 *Psychological Science* 551, 552 (2009)). Those two articles do not and cannot overcome the requirements of Rule 702, defeat the Court's critical gatekeeping function in applying the rule's dictates, or demonstrate that the proposed testimony is an appropriate "fit" in this case. The Simons & Chabris study rests on an automated telephonic survey in which the authors "deliberately chose items for which [they] expected a discrepancy between scientific consensus and popular belief, so [their] results should not be taken to indicate the full scope of psychological understanding by the general public." *See* Simons & Chabris at 2. Moreover, as the authors themselves acknowledged, their "results should be considered in light of several caveats," including the automated survey's low response and compliance rates and the fact that "people might have felt some pressure to agree" with the relevant questions, which "were worded as positive statements." *Id*. at 6. Meanwhile, the Kassam et al. "study" references a remarkably small sample size of pretend "judges" who (outside of the context of an actual criminal trial and its accompanying processes) were reflecting on randomly assigned participants' abilities to remember mundane facts about things like who "enjoyed playing sports with his friends," or who "spent a lot of time tutoring her younger brother." *See* Kassam et al. at 551. Such trivial information is a far cry from a sitting member of Congress remembering whether his campaign received illegal conduit and foreign campaign contributions.

With respect to Prof. Castel's history of testifying, the defense properly corrects the government's prior supposition that "it appears that Prof. Castel has *never* testified as an expert witness in a criminal case." ECF No. 47 at 3. Rather, it appears that Prof. Castel has *never* testified as an expert witness in a *federal criminal* case—and there is absolutely no indication that his prior and seemingly dated testimony in California state court criminal trials and an Alaska state court criminal trial demonstrates that his proposed testimony is admissible here under the Federal Rules of Evidence.

\* \* \*

Among other things, the defense bears the burden of demonstrating that its proposed expert testimony: is relevant in this case because it will appropriately assist the trier of fact; is reliable as applied to this matter; and will not improperly invade the jury's province, mislead the jury, or waste time. In light of the Federal Rules of Evidence and well-established standards for the admissibility of expert testimony, the defense cannot make and has not made that showing. The proposed expert testimony should be excluded in its entirety.

          Respectfully submitted,

          MATTHEW M. GRAVES
          UNITED STATES ATTORNEY
          D.C. Bar No. 481052

By:   */s/ Timothy Visser*
       TIMOTHY VISSER (DC Bar No. 1028375)
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       (202) 252-2590
       timothy.visser@usdoj.gov

       BRIAN FAERSTEIN (Cal. Bar No.274850)
       Special Assistant U.S. Attorney

312 N. Spring Street, Suite 1200
Los Angeles, CA
(213) 894-3819
brian.faerstein@usdoj.gov